83   540
s104  831
104   841

CASE 75—PETITION EQUITY—JANUARY 28.

# Tucker, &c., v. Grundy, &c.

### APPEAL FROM WASHINGTON CIRCUIT COURT.

1. A COURT OF EQUITY NEVER WANTS A TRUSTEE, and when property has been bequeathed in trust, and the trustee appointed refuses to take, the court will decree the execution of the trust. by the personal representative, who is deemed the trustee, if the trust estate is personal property.

A testator directed that the portion of his estate going to his daughter should be placed in the hands of his brother as trustee for her, he to pay over to her annually the interest thereon. The trustee, who was also one of the executors, accepted the trust, and executed bond, but subsequently filed in the county court his resignation as trustee; but no order was made discharging him of the trust. The *cestui que trust* subsequently instituted this action, alleging these facts, and that by a settlement made by the executors a balance was shown to be in their hands, to one-third of which she was entitled under the will, but that she had not received any part of it or the interest thereon, by reason of the refusal of her uncle to act as trustee, and her inability to induce any one to act in his stead. She prays judgment discharging the trust, and for the payment by the executors of her share directly to herself.

*Held*—That while the facts alleged do not authorize a judgment discharging the trust, they do require the interposition of the Chancellor, and it was error to sustain a demurrer to the petition. Whether or not the trustee was discharged by the mere tender of his resignation in the county court as one of the executors, he is to be regarded as a trustee as to the money in their hands, and he and the other executors should be held accountable to the *cestui que trust* for the interest thereon from the date of settlement.

2. A TRUSTEE UNDER A WILL IS NOT DISCHARGED from the duties of the trust by the mere *tender* of his resignation in the county court, having once accepted the trust.

W. E. SELECMAN FOR APPELLANTS.

As the trustee appointed refuses to act, and the court fails to accept his resignation, the trust has failed, and should be discharged. (Perry on Trusts, section 920.)

W. E. & S. A. RUSSELL FOR APPELLEES.

Brief not in record.

Tucker, &c., v. Grundy, &c.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

By the will of Charles Grundy all his cash and cash notes were directed, after the death of his wife, Miranda Grundy—which, however, occurred before he died—to be equally divided between his three children, Thomas S. Grundy, Palmer Grundy, and Susan Tucker; but in relation to the last-named he made the following provision:

"It is my wish that the one-third portion of my money coming to my daughter, Susan Tucker, shall be placed in the hands of my brother, Samuel R. Grundy, as trustee for her, and he to manage and control the same, and to pay over to her annually the interest on the same. It is my wish that should he at any time think it necessary to use any portion of the principal for the use and benefit of my daughter, Susan Tucker, he should have the power to do so. I also will to my daughter and her children all my undeeded land. * * * It is also my wish that my brother, Samuel R. Grundy, as trustee for my daughter, Susan Tucker, to have control of all my timber and fire-wood on the above named land, and it is my wish that no one be allowed to settle on said land without the approbation of brother as trustee," etc., etc.

This action was instituted August, 1884, by Susan Tucker and her husband, Jos. H. Tucker, against Thomas S. Palmer and Samuel R. Grundy.

In the petition the plaintiffs, after reciting the provisions of the will we have quoted, it being filed as an exhibit, state that the three defendants were duly qualified and acted as executors, and that

Samuel R. Grundy, one of them, also on October 25, 1881, accepted the trust mentioned, and executed in the county court a bond as trustee, but afterwards, June 22, 1882, filed in the same court his resignation as such, though no order of that court has been made discharging him of the trust.

They state that by a settlement made December, 1883, a balance of twenty thousand two hundred and seven dollars and twenty-nine cents was shown to be in the hands of the executors, to one-third of which the plaintiff, Lucy Tucker, was entitled under the will, but she had not received any part of it, or the interest thereon, by reason of the refusal of Samuel R. Grundy to act as trustee, and her inability to induce any one else to do so in his stead.

They therefore pray the court to render judgment discharging the trust, and for the payment by the executors of the share she is entitled to directly to herself.

To this petition a general demurrer filed by the defendants was sustained, and the plaintiffs declining to amend, the action was dismissed.

It seems to us the Chancellor erred in dismissing the action.

It is true the prayer of the petition is for the discharge of the trust and the payment of the principal sum directly to the *cestui que trust*. Nevertheless, a state of facts is set forth in the petition which requires the interposition of the Chancellor, and in which he undoubtedly possesses plenary power to grant relief.

Taking the statements of the petition as true,

there has been in the hands of the executors since December, 1883, about six thousand seven hundred and thirty-five dollars and seventy-six cents, the interest on which, at least, Lucy Tucker, beyond question, is entitled to under her father's will; but by reason of the failure or refusal of the trustee appointed by the testator to act, she has been deprived of it, and it seems probable she will continue to be deprived of it, unless the court ascertains and determines the relative rights and duties of the parties to this action.

We do not think the facts stated in the petition are such as to authorize a judgment discharging the trust, whereby the manifest intention of the testator will be defeated; for it is a well settled rule that admits of no exception that a court of equity never wants a trustee, and when property has been bequeathed in trust, and the trustee appointed refuses to take, the court will decree the execution of the trust by the personal representative, who is deemed the trustee, if it is personal property. (Perry on Trusts, section 38; Story's Eq. Jur., section 976.)

In this case Samuel R. Grundy, having once accepted the office of trustee, it seems to us was not, by the mere tender of his resignation in the county court, discharged from its duties; but whether he was or not, as one of the executors of the will, he is to be regarded as a trustee as to the money in the hands of the executors; and he and the other executors should be held accountable to Lucy Tucker for the interest thereon from the date of the settlement.

Instead of dismissing the petition, the court should have required the executors to answer the allegations it contained, and rendered such judgment as was necessary to carry out the intentions of the testator, and the trust created for the use of the devisee, Lucy Tucker; for it was the duty of the defendants, as executors, to have asked, instead of preventing by their demurrer, the interposition of the Chancellor in effectuating the will of the testator.

The judgment must be therefore reversed, and cause remanded, with directions to hold the executors responsible as trustees of the fund in their hands for the use of Lucy Tucker until a trustee is appointed in the place of Samuel R. Grundy, which the court, in its discretion, may or may not do.